Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2105 | **DATE** | 2/9/2004 |
| **CASE TITLE** | BALDWIN PIANO, INC. vs. WURLITZER, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for partial summary judgment on Counts I and II is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 51 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FEB 17 2004 date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BALDWIN PIANO, INC.,

    Plaintiff,

v.

DEUTSCHE WURLITZER GMBH d/b/a
WURLITZER JUKEBOX COMPANY,

    Defendant.

No. 03 C 2105
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Baldwin Piano, Inc. is a Delaware corporation with its principal place of business located in Nashville, Tennessee. Defendant Duetsche Wurlitzer GmbH ("DW") is a limited liability company organized under the laws of the Federal Republic of Germany that did business as the Wurlitzer JukeBox Company, but that currently does business as Wurlitzer USA. Wurlitzer USA is the United States distributor for DW and is located in Gurnee, Illinois.

For many years, DW had manufactured, advertised, marketed and sold various products bearing various federally registered trademarks (the "WURLITZER Registered Trademarks") pursuant to a 1985 License Agreement. Paragraph 6 of the Agreement provided that:

> Licensee undertakes that it will not at any time do or cause to be done any act or thing, directly or indirectly, contesting or in any way impairing or tending to impair any part of Licensor's right, title, or interest in the Trademark.

Paragraph 6 also provides that DW's "permitted use of the Trademark . . . shall inure to the benefit of Licensor, and be deemed use by the Licensor for purposes of registering, maintaining, and defending the Trademark." Pursuant to paragraph 11 of the Agreement, DW agreed that upon termination:

it will immediately cease and desist from all use of the Trademark on the Goods and will deliver up to Licensor or its duly authorized representatives, without charge, all material and papers upon which the Trademark appears. Licensee furthermore agrees that it will not adopt or use, whether during the term of this Agreement, its extension, or after termination of the Agreement, any word or symbol which is identical or similar to the Trademark without the Licensor's prior written consent.

Baldwin is now the current owner of the WURLITZER Registered Trademarks. In a March 24, 2003 letter, Baldwin notified DW that Baldwin was terminating the License Agreement effective immediately. Since this termination, DW has continued to manufacture, advertise, market, offer for sale, sell and/or distribute, in interstate commerce to consumers and other third parties, products bearing the WURLITZER Registered Trademarks, including, but not limited to jukeboxes, speakers, t-shirts, jackets, clocks, and hats. DW also continues to host a website that advertises products bearing the trademarks.

Based upon these facts, Baldwin moves for partial summary judgment on its Lanham Act claims for injunctive relief pleaded in Counts I and II of its Complaint. Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of fact "exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999).

In Count I of the Complaint, Baldwin alleges that DW's continued use of the WURLITZER Registered Trademarks after the termination of the License Agreement constitutes trademark infringement pursuant to 15 U.S.C. § 1114(1)(a). In Count II, Baldwin alleges that this same conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a). Trademark infringement and unfair competition claims are measured "by identical standards." *Toyota Motor*

*Sales, U.S.A., Inc. v. Profile Cocktail Lounge, Inc.*, No. 99 C 5377, 2001 WL 123787, at *2 n1 (N.D. Ill. Feb. 13, 2001). To establish a prima facie case of either, Baldwin must "show that it owns valid registered trademarks and the defendant['s] use of these trademarks is 'likely to cause confusion, or cause mistake, or to deceive.'" *Id.* (citations omitted).

In this case, Baldwin's federal registrations of the WURLITZER Registered Trademarks are prima facie evidence of: (1) Baldwin's ownership of the marks; (2) the validity of the marks; and (3) Baldwin's exclusive right to use the marks in commerce. 15 U.S.C. § 1115(a); *see also Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002) (federal registration "is prima facie evidence of the mark's validity"). Accordingly, Baldwin has made a prima facie showing that it owns valid registered trademarks.

DW's continued use of the WURLITZER Registered Trademarks is also likely to cause confusion that its products are authorized or sponsored by or otherwise affiliated with the trademark owner, Baldwin. Ordinarily, in assessing the likelihood of consumer confusion, I look to seven factors that bear on this determination.[1] However, the analysis becomes truncated when a terminated licensee continues to use its licensor's trademarks:

> In sum the law is simple. If, as a matter of contract law, a service mark or trademark license has ended, the licensee has no right to continue use of the mark. Any such use is without the trademark's licensor's consent and constitutes infringement.

4 J. Thomas McCarthy, McCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:31. Stated differently, "[t]he likelihood of confusion exists as a matter of law if a licensee

---

[1] The seven factors are: (1) the similarity between the marks in appearance and suggestion, (2) the similarity of the products, (3) the area and manner of concurrent use of the products, (4) the degree of care likely to be exercised by consumers, (5) the strength of the plaintiff's marks, (6) any evidence of actual confusion, and (7) the defendant's intent to palm off its goods as those of the plaintiff. *See Promatek Indus., Ltd.*, 300 F.3d at 812.

continues to use marks owned by the licensor after termination of the license." *Bunn-O-Matic Corp. v. Bunn Coffee Serv., Inc.*, 88 F.Supp.2d 914, 922 (C.D. Ill. 2000); *see also Burger King Corp. v. Mason*, 710 F.2d 1480, 1492 (11th Cir. 1983); *United States Jaycees v. Philadelphia Jaycees*, 639 F.2d 134, 143 (3rd Cir. 1981). Here, it is undisputed that DW continues to manufacture, advertise and sell in interstate commerce products bearing trademarks that are identical to the WURLITZER Registered Trademarks. Having established both elements that it needs to prevail on its trademark infringement and unfair competition claims, Baldwin is accordingly entitled to partial summary judgment on Counts I and II.

DW's only objection to this motion pertains to Baldwin's draft injunction. DW argues that any order prohibiting it from using any "colorable imitation" of the WURLITZER Registered Trademarks would be inconsistent with its independent right to continue using its corporate name.[2] As background, the License Agreement was part of a larger transaction involving the sale of DW by Baldwin's alleged predecessor to Nelson Tobacco. That sale was implemented through a "Purchase and Sale Agreement," to which the License Agreement was an exhibit. Paragraph 6(A) of the Purchase and Sale Agreement provides that "[n]othing in this Agreement or in the Trademark License Agreement shall prevent the Company hereafter from using its present corporate name." That provision simply means that DW can continue to refer to itself as "Deutsche Wurlitzer GmbH," but it does not permit DW to use the WURLITZER Registered Trademarks, or "colorable imitations" thereof, on goods or services in commerce after

---

[2] Baldwin agrees with DW that provision "e" of the draft injunction prohibiting DW from "unfairly competing with Baldwin in any manner" is not appropriate at this point because Baldwin's present motion is limited to partial summary judgment with regard to its federally registered marks. Accordingly, I have deleted this provision from the injunction entered.

4

termination of the License Agreement. Indeed, DW's insistence that any injunction be circumscribed by the Lanham Act's express provisions confirms the propriety of the draft injunction's language. 15 U.S.C. § 1114(1) expressly prohibits the "use in commerce [of] any . . . colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services."

In sum, Baldwin has suffered irreparable harm, for which it has no adequate remedy at law, as a result of DW's continuing use of the trademarks. Furthermore, unless DW is enjoined, Baldwin will continue to suffer such harm. Accordingly, in conjunction with this decision granting summary judgment, I will enter an injunction prohibiting such continued use, but will refrain from doing so until a discussion of issues pertaining to the injunction bond at the February 10, 2004 status hearing for this case.

For the reasons above, Baldwin's Motion for Partial Summary Judgment on Counts I and II is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 9 Feb 2004